Case 4:23-cv-00705   Document 31   Filed on 09/25/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| ROGDRICK MANOR, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-705 |
| | § | |
| ROBERT C. HILLARD, *et al.*, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM AND ORDER**

This is a qui tam case. The relator, Rogdrick Manor, has been a lawyer since 2003. He is representing himself. He sues a law firm, Hillard, Martinez, and Gonzales, LLP, its members, and Harris County. The claims appear to arise out of the 2011 death of Norman Hicks while he was in the custody of the Harris County Jail. Hicks's death was the subject of litigation against Harris County brought by the lawyers and law firm sued as defendants here. That litigation ended in 2017, in summary judgment for the defendants. Unsuccessful appeals ended in December 2017. Manor alleges over two dozen claims, arising from a vast conspiracy, that caused Hicks's death and then covered it up.

Manor's complaint is rambling, incoherent, and replete with misconceived claims and bizarre allegations. The government swiftly declined to intervene. The law firm and lawyers Manor sued, and Harris County, have both moved to dismiss. Manor has responded. Manor has moved for entry of default against Harris County, and it has responded. HMG and the individual lawyers have filed motions for sanctions against Manor, who has in turn filed for sanctions against

them. Manor's motion for default and the response, the defendants' motions to dismiss and Manor's response, and the parties' cross-motions for sanctions, are set out below.

## I. The Motion for Default

Manor moved for a default because Harris County filed its responsive pleading three days after it was due. In some cases, even a slight delay past the deadline cannot be overlooked. This is not one of those cases. Harris County has explained the delay as a calendaring issue arising from neglect that was swiftly detected and corrected and is excusable. Courts routinely deny motions for default and default judgment when the delay in answering or filing a responsive pleading is short, there is no prejudice, and there is a meritorious basis to defend. *See, e.g.*, *Alexis v. Sessions*, No. 4:18-CV-1923, 2018 WL 11428241 (S.D. Tex. July 27, 2018); *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003). Manor's motion and amended motion for default, (Docket Entry Nos. 9–11), are denied.

## II. The Motions to Dismiss

### A. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**B.     Analysis**

Manor's 82-page amended complaint, (Docket Entry No. 5), is fatally flawed in many respects. First, limitations has long since passed. Mr. Hicks died in 2011. The litigation arising from his death ended in 2015. That is when the events involving Harris County ended. This suit was filed in 2023. Even applying the six-year limitations statute for the False Claims Act, 21 U.S.C. § 3731(b)(1), limitations is long past. Any claims arising under 28 U.S.C. § 1983—which

are not properly pleaded—are also barred by limitations and fail to state a claim for liability under *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658 (1978). Harris County's motion to dismiss is granted.

The claims against HMG and its individual lawyers fare no better. The lawyers represented the family of Norman Hicks in the litigation that followed his death. That litigation ended with the Supreme Court's denial of certiorari from the appellate affirmation of the district court's judgment in favor of Harris County and an individual defendant. As the HMG parties point out, of the 21 statutes that Mr. Manor uses to assert claims, 16 are criminal statutes that provide no private right of action. The remaining claims are barred by limitations. The False Claims Act has a six-year limitations period, 31 U.S.C. § 3731(b); RICO a four-year period, *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). Although Manor alleges many actions by many actors after 2017, none involve HMG or its lawyers. Limitations bars Mr. Manor's claims against HMG and its lawyers.

There are other problems with the claims against HMG and the lawyers. They are not state actors. They cannot be held liable under § 1983. The complaint asserts claims under RICO, 18 U.S.C. § 1964, and the False Claims Act, 31 U.S.C. § 3729 *et seq.*, but the complaint allegations are wholly inadequate to state a claim under either statute. RICO plaintiffs must comply with the Rule 9(b) particularity requirements; Mr. Manor has not done so. False Claims Act plaintiffs must state facts showing that there was a false or fraudulent claim submitted to the government. Mr. Manor has not done so.

The motions to dismiss filed by the defendants, (Docket Entry Nos. 6, 20), are granted. No leave to amend is granted; it would be futile.

### III. The Motions for Sanctions

#### A. The Legal Standard

Sanctions are provided for in Rules 11 and Rule 26(g) of the Federal Rules of Civil Procedure, under 28 U.S.C. § 1927, and, if no rule provision applies, under the court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

#### B. Sanctions Against Manor

Manor has filed frivolous and groundless pleadings and refused to withdraw them even after the law firm and lawyers he sued pointed out that the allegations he made were not well grounded in fact and not warranted by existing law or a good faith argument for its extension. Fed. R. Civ. P. 11(b)(2). An objectively reasonable lawyer would not have filed or signed the pleadings that Manor repeatedly submitted to the court. An objectively reasonable lawyer would have understood that Manor's filings wasted the court's time, clogged the court's docket, and needlessly imposed burdens and costs on the parties he sued. Manor's factually frivolous claims of RICO violations, kidnapping, conspiracy, wiretapping, and more have no evidentiary support, and his asserted bases for relief have no legal support.

Manor received the Rule 11 safe-harbor letter from the law firm and lawyer defendants with a copy of the then-unfiled motion for sanctions on June 15, 2023. (Docket Entry No. 25-1 at 2–3). Manor did not withdraw his pleadings during that safe-harbor period. The defendants filed the motion for sanctions on July 14, 2023. (Docket Entry No. 25). The procedural and substantive requirements for imposing sanctions have been met.

Manor has also met the requirements to be sanctioned under 29 U.S.C. § 1927. He sued these defendants under 25 different statutes, including 16 criminal statutes that do not give rise to civil private causes of action. The civil statutes Manor relied on, including RICO, the False Claims Act, fraud, and conspiracy, were either conclusory or based on wholly inadequate, and often

5

unintelligible, descriptions of facts. The pleading allegations and the arguments offered to support them were unreasonable and frivolous. Manor did unreasonably and vexatiously multiply the proceedings. Sanctions are appropriate under § 1927 as well as Rule 11. The motion for sanctions filed by the law firm, Hillard, Martinez, and Gonzales, LLP, (Docket Entry No. 25), is granted.

The law firm has incurred $11,380.00 in legal fees in defending this groundless, unreasonable, and vexatious suit. That is a reasonable amount, given the length, number, and nature of Manor's pleadings and briefs. Manor is ordered to pay a total of $11,380.00 to Hillard, Martinez, and Gonzales, LLP, no later than 30 days after this order is entered.

### C. Sanctions Against Hillard, Martinez, and Gonzales, LLP

Manor moved for sanctions as well. (Docket Entry No. 28). His arguments are frivolous, and his motion is denied.

## IV. Conclusion

This civil action is dismissed with prejudice. A sanctions order and final judgment will be separately entered.

SIGNED on September 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge